**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**
**IN ADMIRALTY**

WHITNEY NATIONAL BANK, etc.

    Plaintiff,
vs.	CASE NO. 3:09-cv-00162-RV/MD

M/V JOB SITE, its engines, tackle,
apparel, etc., *in rem*, and JOB SITE, LLC,
a Florida limited liability company,
TIMOTHY L. HENDERSON, and
MICHAEL HENDERSON also known as
MICHAEL LEE HENDERSON, *in personam*

    Defendants.
_____

**ORDER AUTHORIZING SALE OF VESSEL**
_____

This matter came for consideration on the Motion for Order Authorizing Sale of Vessel filed by plaintiff, Whitney National Bank (Doc 19).  After considering the record, the affidavits filed by plaintiff and the law, the Court finds that the Vessel M/V JOB SITE should be sold at auction without any minimum bid requirements and upon the terms which the Court hereby orders as follows:

    **IT IS ORDERED, ADJUDGED AND DECREED:**

    1.	The U.S. Marshal of this District be and is hereby directed to sell, with advertisement as required by law, the Vessel M/V JOB SITE, her engines, tackle, apparel, etc. (the "Vessel"), *in rem*, at public auction to be held on such date and time

as may be determined by plaintiff and the U.S. Marshal (the "Sale"), on the front steps of the United States Courthouse, 1 North Palafox, Pensacola, Florida, 32502 to the highest bidder.

2.    The plaintiff shall make arrangements for the advertisement of the Sale, in compliance with Local Admiralty and Maritime Rules A(7) and E(16), and as otherwise may be required.

3.    The plaintiff shall provide actual notice of these proceedings pursuant to 46 U.S.C. § 31325 and a copy of this Order to the owner of record and any lien holders of record as reflected in any certificate or abstract obtained from the United States Coast Guard or otherwise known to have asserted liens against the Vessel, through certified or registered mail addressed to their last known place of business.

4.    The Vessel shall be sold free and clear of all liens, encumbrances and pre--existing claims, on an "AS IS, WHERE IS" basis. Prospective bidders, upon application to the U.S. Marshal, and prior notice to the attorney for plaintiff, Sula S. McAuley, of Clark, Partington, Hart, Larry, Bond & Stackhouse, 34990 Emerald Coast Parkway, Suite 301, Destin, Florida 32541, and at such times and in such manner as the U.S. Marshal may direct, may inspect the Vessel, provided that it shall be at the sole expense and risk of such person or his representative.

5.    No minimum bid shall be required at the Sale.

6.    The high bidder shall pay the U.S. Marshal Ten (10%) percent of the bid at the time of the Sale (the "Deposit"), which Deposit shall be in cash or by a cashier's check

or certified check, and the balance of the bid within ten (10) calendar days after the entry of the confirmation of the Sale by this Court, which balance shall be made in cash, by cashier's or certified check.  Upon the failure of the high bidder to pay the balance of the bid, the entire Deposit shall be forfeited and applied towards administrative costs, and any excess shall be applied towards the satisfaction of liens upon the Vessel according to their priority, all in accordance with Paragraph 8 below.

      7.      Plaintiff may bid all or part of the balance due to plaintiff pursuant to its maritime lien claim against the Vessel (the "Lien Claim") (instead of cash) at the Sale of the Vessel, up to the maximum amount of $383,751.21, subject to the following conditions if plaintiff is the high bidder:

      (a)      If the bid amount does not exceed the Lien Claim, no payment from plaintiff is due;

      (b)      If the bid amount exceeds the Lien Claim, then plaintiff shall be required to pay only so much of its bid that exceeds the Lien Claim.

      (c)      In no event shall the amount owed by plaintiff be less than the amount necessary to secure the outstanding U.S. Marshal's fees, costs and commissions or more than the actual Sale price.

      (b)      Plaintiff must pay amounts due, if any, in cash or certified check within ten (10) calendar days after the entry of the confirmation of the Sale by this Court.

8.	The U.S. Marshal shall deposit the proceeds of the Sale with the Clerk of this Court, pending further order of this Court. Following the Sale, the claims timely asserted herein shall attach to the proceeds of the Sale, and all allowed claimants are to be referred to the proceeds in their rank and order in accordance with law, equity and admiralty.

ORDERED this 18th day of June, 2009.

/s/ *Roger Vinson*
ROGER VINSON
SENIOR UNITED STATES DISTRICT JUDGE